**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4309**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

GARCIA PAUL ROBINSON,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, District Judge.  (2:10-cr-00157-RBS-TEM-1)

Submitted:  October 31, 2011          Decided:  November 18, 2011

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Walter B. Dalton, Assistant Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Cameron M. Rountree, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garcia Paul Robinson pled guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Robinson to seventy-two months in prison, a sentence nine months above the top of the advisory Sentencing Guidelines range. Robinson timely appealed his sentence.

On appeal, Robinson argues that his sentence is unreasonable because the court mischaracterized his offense, improperly concluded that his criminal record warranted an upwardly variant sentence, imposed a longer than necessary sentence, and failed to adequately explain its rejection of a within-Guidelines sentence. Finding no merit to Robinson's claims, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a)

2

(2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id.

"Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). If the court finds "no significant procedural error," it next assesses the substantive reasonableness of the sentence, taking "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 345-46 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010). We conclude that the district court did not abuse its discretion in imposing Robinson's sentence.

Contrary to Robinson's assertions, the district court did not base his sentence on clearly erroneous facts by comparing his offense to the shootings at Fort Hood. Instead, in considering the nature and circumstances of Robinson's offense, the court specifically rejected the Government's analogy to the Fort Hood shootings while indicating that the fact that the offense took place on a military installation aggravated the offense.

3

Robinson contends that the district court erred by finding that his criminal record justified a sentence above the advisory Guidelines range. Robinson's criminal record included a plethora of offenses that began in 1995 when he was sixteen and involved encounters with the criminal justice system nearly every year until his arrest for the instant offense in November 2009. It was the continuum of Robinson's criminal record, as opposed to the individual offenses that formed the basis for his sixteen criminal history points, that the district court found egregious and which contributed to the court's decision to sentence Robinson above the advisory Guidelines range.

Next, Robinson argues that his six-year sentence, a term nine months above the advisory Guidelines range, was "overkill" in light of his acceptance of responsibility and desire for substance abuse treatment and vocational training. Given the nature and circumstances of Robinson's offense, his recidivism, and the court's concern that his criminal conduct was escalating, we conclude that Robinson's sentence was not greater than necessary to meet the sentencing goals of § 3553(a). To the extent that Robison argues that his sentence was excessive in light of the much shorter sentences he received for his prior offenses, we find his argument unconvincing. Cf. United States v. Rodriquez, 553 U.S. 377, 385 (2008) ("[A] second or subsequent offense is often regarded as more serious

4

because it portends greater future danger and therefore warrants an increased sentence for purposes of deterrence and incapacitation.").

Finally, we find unavailing Robinson's argument that his sentence is unreasonable because the court failed to explain why it rejected a within-Guidelines sentence when neither party sought an above-Guidelines sentence. The district court gave a thorough explanation of the basis for its upwardly variant sentence. Implicit in this discussion was a rejection of any argument for a within-Guidelines sentence.

Accordingly, we affirm Robinson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5